**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                          Case No. 21-21082-EPK

VOS CRE I, LLC,                                       Chapter 11 (Sub V)

         Debtor

_____/

VOS CRE I, LLC,

         Plaintiff,
vs.                                                               Adversary Case No. 22-_____-EPK

BBM3, LLC, BRANDEN MUHL,
and John Does 1-10,

         Defendants.

_____/

**ADVERSARY COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR**
**AUTOMATIC STAY VIOLATIONS**

         Debtor, VOS CRE I, LLC (the "Plaintiff"), sues BBM3, LLC ("BBM3") and Branden

Muhl ("Muhl", and collectively with BBM3 and John Does 1-10, "Defendants"), pursuant to 11

U.S.C. §§ 105(a), 362(a), Fed. R. Bankr. P. 7001, Fed. R. Bankr. P. 7065 and Fed. R. Civ. P. 65,

seeking injunctive relief and damages for the Defendants' willful and ongoing violations of the

automatic stay. In support thereof the Plaintiff alleges:

**SUMMARY**

         1.       The Defendants have filed and are actively pursuing a motion to appoint a receiver

to displace the authorized representative of the Debtor and to assert control over the Debtor's

assets. Only three (3) days after this Honorable Court entered its Order approving a settlement

1

releasing the Debtor's Share of the escrowed funds, $5,239,000, and overruling their objection[1] to the settlement, the Defendants commenced a state court case in Michigan, seeking to obtain emergency injunctive relief targeted directly at the Debtor. Next, the Defendants attempted to levy on the escrowed funds, including property of the estate. When their effort to circumvent this Court's jurisdiction and express order failed, the Defendants served the Debtor's authorized representative with a subpoena for deposition *duces* tecum, filed an emergency motion to appoint a receiver and scheduled a hearing to occur on June 29, 2022, and served the Debtor's counsel with court papers from their Michigan state court case. The Debtor asks the Court to enjoin the Michigan case, to award sanctions to the Debtor for its damages incurred in fending off these attacks and to assess the Defendants with punitive damages for their ongoing stay violations.

## JURISDICTION AND VENUE

2.      On November 22, 2021 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") for relief under Chapter 11, sub chapter V, of Title 11 of the United States Code (the "Bankruptcy Code").

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 in that it arises in and relates to the captioned Chapter 11 case.

4.      This is a core proceeding pursuant to 28 U.S.C. §§157, *et. seq*.

5.      The statutory predicates for relief sought are 11 U.S.C. §§105(a), 362(a), 28 U.S.C. § 65 and §1334 and Fed. R. Bankr. P. 7001 and 7065.

6.      Venue is proper before this Court pursuant to 28 U.S.C. §1409(a).

---

[1] The Court determined that BBM3 is not a creditor of the Debtor, and therefore had no standing to object to the settlement

## PARTIES

7.      The Plaintiff is a Florida limited liability company.

8.      The Debtor-Plaintiff's authorized representative is James Vosotas ("James"), and his father is Daniel Vosotas ("Daniel" and jointly, the "Vosotases"). The Vosotases are real estate professionals with decades of experience in hospitality and multifamily property development and investments. James is the authorized representative of the Debtor. James has no direct ownership of or membership interest in the Debtor.

9.      Defendant BBM3 is listed as a Delaware limited liability company. BBM3 has been an active participant in this case.

10.     Defendant Muhl is believed to be the sole member-manager of BBM3 and is BBM3's decision maker.

11.     Defendants John Does 1-10 are attorneys who participated in or facilitated the stay violations with knowledge of the existence of this Chapter 11 case.

## BACKGROUND

**I.      Prebankruptcy Litigation**

12.     Prior to filing for relief in this Court, the Debtor held membership interests in three hospitality oriented real estate ventures.

13.     On the Petition Date, the Debtor's assets included, *inter alia*, (1) $8,500,000 of cash, representing the net proceeds from the sale of its interest in a hotel in Detroit, Michigan that was being held by an escrow agent in Michigan pursuant to a state court injunction and (2) an interest in Miami Beach's Hotel Greystone (the "Greystone Interest"), which Muhl controls.

14.     On the Petition Date, there were three (3) relevant cases being litigated: (1) a case against the Debtor and its manager filed by its minority members that resulted in $8,500,000 of

3

net closing proceeds from the sale of the Debtor's interest in a hotel in Detroit, Michigan (the "Escrowed Funds") being held by an escrow agent (the "Michigan Case"), (2) control over the Greystone hotel was being litigated in the matter of *James Vosotas, et. al. v. Branden Mul, BBM3, LLC, et. al.*, Case No. 2021-016770-CA-01, in Florida state court (the "Florida Case"), and (3) a claim on a personal guarantee[2] was being litigated in the New York State Supreme Court entitled *BBM3, LLC v. James Vosotas*, Index 652015/2021 (the "New York Case").

15.     Debtor's bankruptcy filing triggered the automatic stay of 11 U.S.C. § 362.

16.     Thereafter, BBM3's counsel in the New York Case filed a notice that stated:

PLEASE TAKE NOTICE that because Plaintiff's motion for attachment and TRO seeks to attach defendant James Vosotas' membership interest in VOC CRE I, LLC (the "LLC"), and because the LLC filed for bankruptcy on November 22, 2021 (*In re VOS CRE I, LLC* (S.D. Fl. Bankr., Petition #21-21082-EPK)), Plaintiff hereby serves notice of withdrawing its Motion for Attachment and TRO (Motion No. 2).

A copy of the Notice is attached as Exhibit A.

17.     The Court in the New York Case subsequently issued its Decision and Order on Motion on January 4, 2022, adjudicating several issues and noting that:

For completeness, the Lender's motion for an attachment (Mot. Seq. No. 002) is withdrawn (NYSCEF Doc. No. 75) because the Lender sought to attach the Guarantor's membership interest in VOS CRE ILLC and VOS CRE I LLC filed for bankruptcy on November 22, 2021.

---

[2] Although Muhl and James started off as partners in the Hotel Greystone and were both guarantors of the loan they used to purchase their interest in the Hotel Greystone (the "Loan"), following the COVID-19 pandemic, Muhl caused the Hotel Greystone to default on the Loan. Muhl then caused BBM3 to purchase the Loan and commenced the New York Case against James to enforce the personal guaranty that both partners had signed.

## II.     The Bankruptcy Settlement

18.     The centerpiece of this case has been the disposition of the Escrowed Funds.  After it filed for bankruptcy, the Debtor commenced an adversary proceeding for turnover of the Escrowed Funds.

19.     The litigation and negotiations that followed culminated in a settlement that resulted in the Court approving a settlement between the Debtor and various constituents. The settlement called for the Debtor's Share of the escrowed funds, $5,239,000, to be released from escrow to the Debtor's counsel's trust account[3], and cleared the path for Debtor to file a plan of reorganization[4] that provides a 100% distribution on all allowed claims.

20.     BBM3 objected to the settlement, arguing that it facilitated a *sub rosa* plan, that it was "a payoff to the squeaky wheels" and that it was designed to somehow benefit insiders of the Debtor[5]. *See BBM3's Objection to Debtor's Rule 9019 Motion* (D.E. #146).

21.     The Court substantively overruled BBM3's objections and found BBM3 lacked standing to contest the settlement and approved the settlement by its Order dated June 6, 2022. *See Order Granting Debtor's Motion to Approve Settlement*, D.E. #156.

## III.     The Defendants File a Collection Case in Michigan

22.     On February 9, 2022, the Defendants domesticated the New York Case's Judgment against James and opened a collection case in Michigan, entitled *BBM3, LLC v. James Vosotas*, Case No. 2022-192491-CZ (the "Collection Case").

---

[3] *See Debtor's Motion for an Order Approving Settlement*, D.E. #139.
[4] *See Debtors First Amended Plan of Reorganization*, D.E. #150.
[5] These insiders agreed to reduce two claims: the first from $3,725,190 to $24,999.97, and the second from $9,056,269 to $5,000.

### III.   The Defendants Commit their First Violation of the Automatic Stay

23.     Unbeknownst to the Debtor, on March 18, 2022, the Defendants served the Escrow Agent with a *Writ for Garnishment on Garnishee Defendant MS Title Agency, LLC* attached as Exhibit B*, which purported to obtain control of the escrowed funds. The Escrow Agent filed the *Garnishee Disclosure* attached as Exhibit C advising the Defendants that the Escrowed Funds were subject to a Court Order and referred the Defendants to this pending bankruptcy case.

23.     The Defendants had no legitimate reason to serve the Escrow Agent with the Writ for Garnishment.  The extensive record developed in the Michigan Case and before this Court reflects that only the Bankruptcy Court has jurisdiction over the property that the Escrow Agent was holding.  The Defendants knew that the property in the Escrow Agent's possession was not James' property, and the only reason they served the Escrow Agent with the Writ for Garnishment was to try to take control of the Debtor's funds.

### IV.   The Defendants Commit their Second Violation of the Automatic Stay

24.     Three (3) days after the Bankruptcy Court overruled BBM3's objection to the settlement, on June 9, 2022, the Defendants filed a *Motion for Appointment of Receiver* (See Exhibit D) and a *Brief in Support of Motion to Appoint a Receiver* (See Exhibit E) (the Motion and Brief are referred to as the "Receivership Motion").

25.     The majority of the Receivership Motion portrays a scheme by the Debtor, orchestrated by James, that the Defendants claimed was intended to evade a non-existent obligation to pay them from the Debtor's escrowed funds.

26.     The Receivership Motion specifically acknowledged that the Bankruptcy Court had entered an Order directing the disposition of the escrowed funds, and that the Debtor's Share would be deposited in the trust account of the Debtor's counsel.

27.     Yet, the Receivership Motion alleged that "Judgment Creditor rightfully fears that Judgment Debtor [James Vosotas], as corporate representative for VOS CRE I in the Bankruptcy, will exercise control over the Escrow Monies to the detriment of Judgment Creditor."

28.     As noted earlier and throughout the Debtor's Petition and court filings, James is the authorized representative of the Debtor. James is authorized by law to assist the Debtor in proposing a plan of reorganization. *See In re VOS CRE I, LLC*, 21-21082-EPK [ECF No. 1].

29.     The "fears" Defendants expressed were non-existent. Indeed, this Court advised Defendant's bankruptcy counsel on June 1, 2022, that "[i]f it turns out that BBM3 actually is a party that can object to confirmation of a plan, even though it has no claim in this case, then we can deal with that at the time of confirmation, although that seems very unlikely." [June 1, 2022, transcript at 34:23-35:2]. Indeed, the Debtor may not use the Debtor's Share unless approved by the Bankruptcy Court after notice and a hearing. It is the Debtor's expectation that the order confirming the Plan of Reorganization will direct the disposition of the Escrow Funds.

30.     The Defendants conjured "fears" and ignored fundamental tenets of bankruptcy law so that they could mislead the state court judge in the Collection Case into conducting a hearing on their eventual bid to wrest control of the Debtor's property through their backhanded request for a receiver over James.

31.     Paragraph 10 of the Receivership Motion states:

Judgment Creditor now seeks appointment of a receiver over Judgment Debtor for purposes of taking control of all of Judgment Debtor's attachable assets, including without limitation his membership interest in the Corporate Entities and any other business entities identified through the receivership.

32.     The Defendants understood the nature of the relief being sought in the Receivership Motion was a violation of the automatic stay.  It bears repeating that the Defendants through counsel in the New York Case had filed a notice stating that:

33.     BBM3's counsel in the New York Case filed a notice stating:

PLEASE TAKE NOTICE that because Plaintiff's motion for attachment and TRO seeks to attach defendant James Vosotas' membership interest in VOC CRE I, LLC (the "LLC"), and because the LLC filed for bankruptcy on November 22, 2021 (*In re VOS CRE I, LLC* (S.D. Fl. Bankr., Petition #21-21082-EPK)), Plaintiff hereby serves notice of withdrawing its Motion for Attachment and TRO (Motion No. 2).

*See* Exhibit A.

34.     The Defendants knew that seeking an equitable remedy as to James' purported interest in the Debtor, including his management authority, would violate the automatic stay when the Debtor filed for bankruptcy protection after the motion had been filed in the New York Case, so their counsel withdrew that request for equitable relief.  Yet the Defendants affirmatively sought an equitable remedy as to James' purported interest in <u>and control of</u> the Debtor in the Collection Case, and even went so far as to file the Receivership Motion that is an even more egregious stay violation than proceeding in the New York Case.

35.     The Court in the Collection Case is scheduled to conduct a hearing on the Receivership Motion on June 29, 2022.

**V.      The Defendants Commit their Third Violation of the Automatic Stay**

36.     The Defendants committed their third stay violation four (4) days after the Bankruptcy Court found that BBM3 is not a creditor of the Debtor on June 10, 2022 when they served the Escrow Agent that was holding the escrowed funds with the *Request and Order to Seize Property* attached as Exhibit F.

37.     The *Request and Order to Seize Property* purportedly sought to confiscate any property belonging to James that the Escrow Agent was holding. But this, too, was a thinly disguised ruse. The extensive record developed in the Michigan Case and before this Court reflects that only the Bankruptcy Court has jurisdiction over the property that the Escrow Agent was

holding.    This Court's *Order Granting Debtor's Motion to Approve Settlement* explicitly determined the disposition of the escrowed funds and directed that the Debtor's Share be transferred to the trust account of the Debtor's counsel[6].  The Defendants knew that the property in the Escrow Agent's possession was not James' property. The Defendants served the Escrow Agent with the *Request and Order to Seize Property* to throw a proverbial monkey wrench into this bankruptcy process and upend the Debtor's ability to confirm its First Amended Plan of Reorganization.

38.    Immediately upon learning of the first of the Defendants' stay violation, the Debtor's counsel notified BBM3's Florida bankruptcy counsel of the stay violation and requested an explanation of why the Defendants believed that they could attempt to seize the Debtor's property.  The Defendants never responded.

### VI.    Defendants' Fourth Violation of the Automatic Stay

39.    The Defendants committed their fourth stay violation on June 22 and 23, 2022 when they sent a process server to serve papers from the Collection Case on the Debtor's counsel.  The Debtor's counsel only represents the Debtor and has never represented James. No legitimate reason exists for serving the Debtor's counsel with process in the Collection Case. The Debtor is not a party to the Collection Case. The Defendants' conduct is evidence of malicious intent and a brazen disregard of the 11 U.S.C. § 362.

---

[6] Debtor's Counsel has the Debtor's Share in its trust account.

## COUNT I

**SEEKING SANCTIONS FOR VIOLATIONS OF THE AUTOMATIC STAY**

**(AGAINST ALL DEFENDANTS)**

40.     The foregoing paragraphs are incorporated into this Count I.

41.     The automatic stay of 11 U.S.C. § 362:

> "operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) **any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate**;

(emphasis supplied)

42.     The Defendants' conduct described above constitutes a series of past and ongoing violations of at least one section of 11 U.S.C § 362, since the Defendants' efforts in the Collection Case are devoted to obtaining possession or exercising control over the escrowed funds and the Debtor's Share.

43.     The Defendants' attempts to displace James with a receiver also violate the automatic stay, because James is the authorized representative of the Debtor before this Court.

44.     Debtor has made several written requests and demands that the Defendants explain their conduct or dismiss the Collection Case, but the Defendants persist in their efforts to derail this bankruptcy case.

45.     Being duty bound to the creditors to go through with the First Amended Plan of Reorganization, the Debtor has been and will be forced to incur tens of thousands of dollars in attorneys' fees to halt the Defendants' illegal stay violations.

46.     As a result of each instance of the Defendants' conduct and their ongoing ploy to upend this bankruptcy case, the Debtor has been harmed.

WHEREFORE, the Debtor requests that the Court enter judgment in its favor finding that the Defendants have committed multiple stay violations, sanctioning the Defendants and requiring the Defendants to pay compensatory damages and attorney's fees to the Debtor for their willful, malicious and outrageous conduct, enjoining the Collection Case from proceeding, and granting further sanctions against the Defendants on terms that the Court deems appropriate, and for any such other relief as the Court deems just and proper.

## COUNT II

### SEEKING INJUNCTIVE RELIEF

### (AGAINST ALL DEFENDANTS)

47.     The foregoing paragraphs are incorporated into this Count II.

48.     Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

49.     The Debtor seeks injunctive relief under Fed. R. Bankr. P. 7065 and Fed. R. Civ. P. 65, enjoining the Collection Case from proceeding and enjoining the Defendants from continuing their efforts to obtain control over property of the bankruptcy estate.

50.     The Defendants' conduct described above and continuing efforts to disrupt the Debtor and its principals in unknown has resulted in irreparable injury and unnecessary time and costs expenditures that otherwise would be devoted to plan confirmation.

51.     While sanctions and monetary damages may be sufficient to redress the Debtor's injury from the Defendant's past conduct and stay violations, monetary damages are wholly

inadequate to compensate the Debtor for the delays, distractions and disruptions the Defendants' conduct is having on the Debtor's reorganization.

52.     Indeed, the time and effort the Debtor and its professionals have been forced to expend fending off attempts by the Defendant's to wrest control of property of estate has detracted from their preparation and presentation of plan of organization.

53.     Debtor has made several written requests and demands that the Defendants cease and desist unwarranted disruptive conduct, but the Defendants persist in their efforts to derail this bankruptcy case.

54.     Being duty bound to the creditors to go through with the First Amended Plan of Reorganization, the Debtor and its professionals has been and will be forced to exert inordinate resources to preserve the estate assets.

55.     As a result of each instance of the Defendants' conduct and their ongoing ploy to upend this bankruptcy case, the Debtor has been harmed.

56.     By contrast, no harm will be done to the Defendants if an injunction is issued barring further violations of the automatic stay or attempts to use litigation as a means of detracting the debtor's principal from putting best efforts toward consummation of a plan of reorganization.

57.     On balance, and given the undue hardship borne by the Debtor because of the Defendants' conduct, a remedy in equity is warranted.

58.     The proposed injunctive relief is an appropriate and measured response and would advance the public interest in promoting the bankruptcy process as an orderly way to reorganize a distressed entity, with all creditors and parties-in-interest having input during the process.

WHEREFORE, the Debtor requests that the Court enter judgment in its favor finding that the Defendants have committed multiple stay violations, enjoining the Collection Case, enjoining

the Defendants from taking any other action in respect of James until after this case has been dismissed and all appeal periods have run, finding the Defendants liable to pay the Debtor's attorney's fees and costs and for any such other relief as the Court deems just and proper.

Respectfully submitted on June 24, 2022

**DGIM Law, PLLC**
*Counsel for the Plaintiff, VOS CRE I, LLC*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ **Daniel Y. Gielchinsky***
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
Daniel Y. Gielchinsky
Florida Bar No. 0097646

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BBM3, LLC,                                    :    Index No. 652015/2021

                              Plaintiff,      :    **NOTICE OF MOTION FOR**
                                                   **ATTACHMENT AND**
          -- against --                       :    **TEMPORARY**
                                                   **RESTRAINING ORDER**
JAMES VOSOTAS,                                :

                              Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that because Plaintiff's motion for attachment and TRO seeks

to attach defendant James Vosotas' membership interest in VOC CRE I LLC (the "LLC"), and

because the LLC filed for bankruptcy on November 22, 2021 (*In re VOS CRE I, LLC* (S.D. Fl.

Bankr., Petition # 21-21082-EPK)), Plaintiff hereby serves notice of withdrawing its Motion

for Attachment and TRO (Motion No. 2).


Dated: New York, New York
        December 16, 2021
                                    KAUFMAN & KAHN, LLP

                                    By: *Mark S. Kaufman*
                                    Mark S. Kaufman
                                    10 Grand Central
                                    155 East 44th Street, 19th Floor
                                    New York, NY  10017
                                    (212) 293-5556
                                    Email: kaufman@kaufmankahn.com
                                        *Attorneys for Plaintiff*

To (by ECF):
        William R. Clayton
        Clayton Trial Lawyers
        401 E Las Olas
        Suite 130-725
        Fort Lauderdale FL  33301-2211
        Tel.: (954) 712-2300
        Email:  claytonw@ctllawyers.com
            *Attorneys for Defendant*

Exhibit B

Approved, SCAO

| Original - Garnishee (Part 1) | 3rd copy - Return (proof of service) (Part 2) |
| 1st copy - Court (Part 2) | 4th copy - Plaintiff/Attorney (proof) (Part 2) |
| 2nd copy - Defendant (Part 2) | |

| STATE OF MICHIGAN | **REQUEST AND WRIT FOR GARNISHMENT** | • CASE NO. |
| _____ JUDICIAL DISTRICT | **(NONPERIODIC)** | |
| __6th__ JUDICIAL CIRCUIT | | 2022-192491-CZ |

| Court address | • Zip Code | Court telephone no. |
| 1200 N. Telegraph Rd, Pontiac, MI 48341 | | 248-858-0344 |

| Plaintiff's name and address (judgment creditor) | | Defendant's name and address (judgment debtor) |
| BBM3, LLC | v | James Vosotas |
| 2900 McKinnon Street, Ste. 1101 | | 1551 Delagado Avenue |
| Dallas, Texas 75201 | | Coral Gables, Florida 33146 |
| 469-436-3669 | | 248-489-4333/ 561-287-5400 |

| Plaintiff's attorney, bar no., and address | Social security no. | Account no. |
| Jeffrey Lance Abood (P72607) Abood Law Firm | | |
| 470 N. Old Woodward Ave, Ste 250 | | |
| Birmingham MI 48009 | Garnishee name and address |
| Telephone no. | M.S. Title Agency, LLC |
| 248-549-0000 | c/o Moshe Shapiro |
| | 18877 W. 10 Mile Road, Ste. 210 |
| | Southfield, Michigan 48075-2624 |

**REQUEST** See instructions for item 2 on other side.

1. Plaintiff received judgment against defendant for $ 19,380,664.30 on 1/13/2022 .
2. The total amount of judgment interest accrued to date is $ 68,915.48 . The total amount of postjudgment costs accrued to date is $ 30.00 . The total amount of postjudgment payments made and credits to date is $ 0.00 .
   **The amount of the unsatisfied judgment now due (including interest and costs) is** • $ 19,449,609.78 .
3. Plaintiff knows or with good reason believes the garnishee is indebted to or possesses or controls property belonging to defendant.
4. **Plaintiff requests** a writ of nonperiodic garnishment be paid to ☐ plaintiff, ☑ plaintiff's attorney, ☐ the court,
   and mailed to ☐ plaintiff. ☑ plaintiff's attorney. ☐ the court.
   I declare under the penalties of perjury that this request has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| 3/17/2022 | /s/ Jeffrey Lance Abood P72607 |
| Date | Plaintiff/Agent/Attorney signature |

**WRIT OF GARNISHMENT** To be completed by the court. See other side for additional information and instructions.

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), two copies of this writ for serving on the garnishee, and a $1.00 disclosure fee for serving on the garnishee. You are responsible for having these documents served on the garnishee within 182 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within **56 days** after the disclosure is filed for an order to apply the property toward the judgment. **NOTE:** The social security number field is blacked out for security reasons on all parts except the garnishee copy.

**TO THE DEFENDANT: See separate instructions.**
1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last-known address by first-class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2 of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.
5. Make all payments withheld under this writ payable and mailed as specified in the request.
6. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

| 3/18/2022 | 9/16/2022 | /s/ M. Field |
| Date of issue | Expiration date for service | Deputy court clerk |

MC 13 (7/20) **REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) (Part 1)** MCL 600.4011 et seq., MCR 3.101

FEE

*(left margin)* FILED Received for Filing Oakland County Clerk 3/18/2022 3:51 PM

Original - Garnishee (Part 1)
1st copy - Court (Part 2)
2nd copy - Defendant (Part 2)
3rd copy - Return (proof of service) (Part 2)
4th copy - Plaintiff/Attorney (proof) (Part 2)

Approved, SCAO

| • STATE OF MICHIGAN<br>_____ JUDICIAL DISTRICT<br>__6th__ JUDICIAL CIRCUIT | REQUEST AND WRIT FOR GARNISHMENT<br>(NONPERIODIC) | • CASE NO.<br>2022-192491-CZ |
|---|---|---|

| Court address<br>1200 N. Telegraph Rd, Pontiac, MI 48341 | • Zip Code | Court telephone no.<br>248-858-0344 |
|---|---|---|

| Plaintiff's name and address (judgment creditor)<br>BBM3, LLC<br>2900 McKinnon Street, Ste. 1101<br>Dallas, Texas 75201<br>469-436-3669 | v | Defendant's name and address (judgment debtor)<br>James Vosotas<br>1551 Delagado Avenue<br>Coral Gables, Florida 33146<br>248-489-4333/ 561-287-5400 |
|---|---|---|

Plaintiff's attorney, bar no., and address
Jeffrey Lance Abood (P72607) Abood Law Firm
470 N. Old Woodward Ave, Ste 250
Birmingham MI 48009
Telephone no.
248-549-0000

Garnishee name and address
M.S. Title Agency, LLC
c/o Moshe Shapiro
18877 W. 10 Mile Road, Ste. 210
Southfield, Michigan 48075-2624

**REQUEST** See instructions for item 2 on other side.

1. Plaintiff received judgment against defendant for $ 19,380,664.30 on 1/13/2022 .
2. The total amount of judgment interest accrued to date is $ 68,915.48 . The total amount of postjudgment costs accrued to date is $ 30.00 . The total amount of postjudgment payments made and credits to date is $ 0.00 .
   **The amount of the unsatisfied judgment now due (including interest and costs) is** • $ 19,449,609.78 .
3. Plaintiff knows or with good reason believes the garnishee is indebted to or possesses or controls property belonging to defendant.
4. **Plaintiff requests** a writ of nonperiodic garnishment be paid to ☐ plaintiff, ☑ plaintiff's attorney, ☐ the court, and mailed to ☐ plaintiff. ☑ plaintiff's attorney. ☐ the court.

I declare under the penalties of perjury that this request has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| 3/17/2022 | /s/ Jeffrey Lance Abood P72607 |
|---|---|
| Date | Plaintiff/Agent/Attorney signature |

**WRIT OF GARNISHMENT** To be completed by the court. See other side for additional information and instructions.

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), two copies of this writ for serving on the garnishee, and a $1.00 disclosure fee for serving on the garnishee. You are responsible for having these documents served on the garnishee within 182 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within 56 days after the disclosure is filed for an order to apply the property toward the judgment. **NOTE:** The social security number field is blacked out for security reasons on all parts except the garnishee copy.

**TO THE DEFENDANT: See separate instructions.**
1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last-known address by first-class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2 of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.
5. Make all payments withheld under this writ payable and mailed as specified in the request.
6. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

| Date of issue | Expiration date for service | Deputy court clerk |
|---|---|---|

**MC 13** (7/20) **REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) (Part 2)** MCL 600.4011 et seq., MCR 3.101

## NONPERIODIC GARNISHMENTS

### Definitions

Nonperiodic Garnishment - a garnishment of property or obligations made on a nonperiodic basis, including but not limited to bank accounts, property, money, goods, chattels, credits, and negotiable instruments or effects. **Do not use this form to garnish income tax refunds from the State of Michigan; see Michigan statutes for specific procedures to garnish state income tax.**

### Additional Instructions for the Plaintiff:

You must provide information that will permit the garnishee to identify the defendant such as the defendant's address, social security number, account number, etc.

### Instructions for Item 2:

If a civil judgment does not include judgment interest in the "total judgment" field, the interest amount reported in item 2 should be accrued from the date the complaint was filed.

If a civil judgment includes judgment interest in the "total judgment" field (as in the forms in use before the 5/07 revisions), the interest amount reported in item 2 should not include any postfiling interest already included in the judgment.

If the disclosure states that the garnishee holds property belonging to the defendant, you must motion the court (with notice to the defendant and the garnishee) for an order, which will tell the garnishee to take the defendant's property, sell it, and apply it toward your judgment. If there are no pending objections to the garnishment and you have not filed such a motion within 56 days after the filing of the disclosure, the garnishment is dissolved and the garnishee may release the property to the defendant.

### Additional Instructions for the Defendant:

1. This writ has been issued because there is a judgment against you that you have not paid. In order to collect on this judgment, income owed to you may be withheld or property belonging to you may be taken from you and sold.
2. You may object to this garnishment if:
   a. your income is exempt from garnishment by law,
   b. you have a pending bankruptcy proceeding,
   c. the maximum withheld exceeds the amount allowed by law,
   d. you have paid the judgment in full,
   e. the garnishment was not properly issued or is otherwise invalid.
3. You may send the plaintiff a written request to review postjudgment costs and fees listed in item 2 of the request. Within 28 days after receiving your request, the plaintiff must send an itemized list of the postjudgment costs and fees to you and the court. Within 28 days after receiving the itemized list, you may file a motion with the court to review the postjudgment costs and fees if you believe they are wrong. If the judge rules in your favor, the judge may order the motion fee to be deducted from the judgment balance.
4. Certain income is exempt from garnishment and the law gives you the right to claim this income as exempt to prevent it from being used to collect on this judgment. The following are examples of some types of income that are exempt from garnishment and the citations where each type may be found in the law. This is not intended as a complete list. You may want to contact your lawyer or legal aid agency for further assistance.

## EXAMPLES OF INCOME EXEMPT FROM GARNISHMENT

The following are examples of **some** types of income that are exempt from garnishment and the citations where each type may be found in the law. **Please note that this is not intended as a complete list. You may want to contact your lawyer or legal aid agency for further assistance.**

- Individual Retirement Account (IRA) - [MCL 600.6023(1)(k)]
- Social Security Benefits - [42 USC, Section 407]
- Supplemental Security Income Benefits (SSI) - [42 USC, Section 1383(d)]
- Aid to Families with Dependent Children (AFDC) - [MCL 400.63]
- General Assistance Benefits (GA) - [MCL 400.63]
- Unemployment Compensation Benefits - [MCL 421.30]
- Veterans Assistance Benefits - [38 USC, Section 3101]
- Workers' Compensation Benefits - [MCL 418.821]
- The first $500.00 on deposit in a savings and loan savings account - [MCL 491.628]
- Cash value or proceeds of life insurance or annuity, payable to the spouse or children of the insured - [MCL 500.2207(1)]
- Income benefits under the Michigan Civil Service Act - [MCL 38.40]
- Income benefits under the Michigan Retirement Act - [MCL 421.30]
- U.S. Civil Service Retirement Benefits - [5 USC, Section 8346]

| | **REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC)** Case No. 2022-192491-CZ |
|---|---|

**PROOF OF SERVICE**

**TO PROCESS SERVER:** You must serve the garnishee with two copies of the request and writ of garnishment, a disclosure form, and any applicable fee, and file proof of service with the court clerk as directed by the plaintiff. If you are unable to complete service, you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |
|---|---|---|

☐ I served two copies of the request and writ of garnishment, a disclosure form, and any applicable fee by:
☐ personal service   ☐ registered or certified mail (copy of return receipt attached) on:

| Garnishee name | Complete address of service | Day, date, time |
|---|---|---|
| | | |

☐ I have personally attempted to serve the writ of garnishment, a disclosure form, and any applicable fee on the garnishee and have been unable to complete service.

| Garnishee name | Complete address of service | Day, date, time |
|---|---|---|
| | | |

I declare under the penalties of perjury that this certificate has been examined by me and that is contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ |

_____
Signature

_____
Name (type or print)

_____
Title

Subscribed and sworn to before me on _____ .
                                        Date

_____
Deputy clerk/Notary public signature

My commission expires: _____
                          Date

_____
Name (type or print)

Notary public, State of Michigan, County of _____ . ☐ Acting in the County of _____ .
☐ This notarial act was performed using an electronic notarization system or a remote electronic notarization platform.

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received two copies of the request and writ of garnishment, a disclosure form, and any applicable

fee on _____ .
        Day, date, time

_____ on behalf of _____
Signature

MCR 2.105

# Exhibit C

OAKLAND COUNTY **22-192491-CZ**

JUDGE NANCI J. GRANT

BBM3 v VOSOTAS,JAMES

**STATE OF MICHIGAN**
**JUDICIAL DISTRICT**
**JUDICIAL CIRCUIT**
**OAKLAND COUNTY**

**GARNISHEE DISCLOSURE**

CASE NO. and JUDGE
2022-192491-CZ

Hon. Nanci J. Grant

**Court address**

Court telephone no.

1200 North Telegraph Road, Pontiac, MI 48341

248-858-0344

Plaintiff's name, address, and telephone no. (judgment creditor)

BBM3, LLC
2900 McKinnon Street, Ste. 1101
Dallas, Texas 75201
469-436-3669

v

Defendant's name, address, and telephone no. (judgment debtor)

James Vosotas
1551 Delagado Ave.
Coral Gables, Florida 33146
248-489-4333 / 561-287-5400

Plaintiff's attorney, bar no., address, and telephone no.

Jeffrey Lance Abood (P72607)
Abood Law Firm
470 N. Old Woodward Ave., Ste. 250
Birmingham, MI 48009
248-549-0000

Garnishee name and address

MS Title Agency, LLC
c/o Moshe Shapiro
18877 W. 10 Mile Road, Ste. 210
Southfield, MI 48075-2624

**SEE INSTRUCTIONS**

1. This disclosure is for a writ of garnishment issued on March 18, 2022 and received by garnishee on March 21, 2022

☑ a. The garnishee mailed or delivered a copy of the writ of garnishment to the defendant on March 28, 2022

☐ b. The garnishee was unable to mail or deliver a copy of the writ of garnishment to the defendant.

☐ c. The garnishee will not withhold payments under the writ of garnishment. The writ of garnishment was served after the deadline date for service and the writ is invalid.

2. At the time of service of the writ:

**Nonperiodic Garnishments**

☑ a. The garnishee is not indebted to the defendant for any amount and does not possess or control the defendant's property, money, etc. Reason: See attached

☐ b. The garnishee is indebted to the defendant for nonperiodic payments as follows:

Description of property, money, negotiable instruments, etc. under garnishee's control | Type of account, if applicable

The amount to be withheld is $ _____ and does not exceed the amount stated in item 2 of the writ.

☐ c. Withholding is exempt because _____
State the exemption and legal authority

**Periodic Garnishments**

☐ d. The garnishee is not obligated to pay the defendant during the period of the writ.

Reason:  ☐ not employed.  ☐ other _____

Distribute form to:
Court
Plaintiff
Garnishee
Defendant

**Garnishee Disclosure** (1/21)
Page 2 of 5

Case No. 2022-192491-CZ

2. (continued)

☐ e. The garnishee is obligated to pay the defendant during the period of the writ.

Payments are for ☐ earnings. ☐ nonearnings _____
Specify nature of payment (see instructions on next page)

Payments are made ☐ weekly. ☐ biweekly. ☐ semimonthly. ☐ monthly. ☐ other: _____
frequency of payment

A higher priority writ/order ☐ is ☐ is not currently in effect. If a higher priority writ/order is in effect, complete the following.

| Name of court that issued higher priority writ/order | Case number | Date issued | Date served |
|---|---|---|---|

Withholding under this writ

☐ will begin immediately if sufficient funds are available.

☐ will not begin immediately because defendant is ☐ laid off. ☐ sick. ☐ on leave. ☐ other: _____
specify

I declare under the penalties of perjury that this disclosure has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

7/28/22
Date

Garnishee/Agent/Attorney signature

**CERTIFICATE OF MAILING**

I certify that:

on March 28, 2022 I mailed or personally delivered the original of this disclosure to the court.

on March 28, 2022 I mailed or personally delivered a copy of this disclosure to the plaintiff/attorney.

on March 28, 2022 I mailed or personally delivered a copy of this disclosure to the defendant.

I declare under the penalties of perjury that this certificate of mailing has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

March 28, 2022
Date

Garnishee/Agent/Attorney signature

DO NOT Include Your Payment With This Disclosure. See item 3 of *How to Fill Out Garnishee Disclosure Form.*

James Vosotas is one of 9 parties to an Escrow Agreement pursuant to which Garnishee holds $8.5 Million.   The escrowed funds can only be distributed pursuant to the written instructions signed by all the parties to the Escrow Agreement or a Court Order.  Absent such instructions or Court Order James Vosotas has no right to receive any funds and Garnishee has not obligation to distribute any funds.

There are currently two pending proceedings related to the escrowed funds.

1.  Oakland County Circuit Court Case No. 2021-185649-CB.

2.  Southern District of Florida Bankruptcy Court Adv. Case No. 21-01405-EPK.

Exhibit D

Original - Court
1st copy - Defendant
2nd copy - Plaintiff

Approved, SCAO

| STATE OF MICHIGAN | | |
|---|---|---|
| 6TH | JUDICIAL DISTRICT | **MOTION FOR APPOINTMENT** | **CASE NO.** |

**STATE OF MICHIGAN**
6TH  **JUDICIAL DISTRICT**
    **JUDICIAL CIRCUIT**
    **COUNTY  PROBATE**

**MOTION FOR APPOINTMENT OF RECEIVER**

**CASE NO.**
2022-192491-CZ

HON. NANCI J. GRANT

**Court address**
1200 N. Telegraph Rd., Ponitac, Michigan 48341

**Court telephone no.**
(248) 858-0344

Plaintiff's name(s), address(es), and telephone no(s).
BBM3, LLC,
  c/o Judgment creditors' attorney

v

Defendant's name(s), address(es), and telephone no(s).
JAMES VOSOTAS
1551 Delgado Avenue
Coral Gables, Florida  33146

Plaintiff's attorney, bar no., address, and telephone no.
F. Brett Baccari (P74726)
SHARK LAW OFFICES PLLC
23077 Greenfield Rd., Ste. 215
Southfield, Michigan 48075          (248) 392-2272
brett@sharklawoffices.com

Defendant's attorney, bar no., address, and telephone no.
N/A

☐ Probate    In the matter of _____

**Instruction:** For each item, provide the applicable page and paragraph reference in the accompanying brief. Attach a proposed order.

1. I, _BBM3, LLC, by and through undersigned counsel_____ , request appointment of a receiver under     Page __3__ , ¶ __11__
   <sub>Name</sub>

   the authority of:

   ☑ Statutory section(s) _MCL 554.1016(1)(b); MCL 600.6104(4); MCL 600.2926_____

   ☐ Other: _____

2. The parties and other persons or entities interested in the receivership estate are:     Page __6__ , ¶ __14__
   (Check all that apply.)

   ☑ Plaintiff: _BBM3, LLC_____

   ☑ Defendant: _JAMES VOSOTAS_____

   ☐ Other: _____

   The nature of each person's or entity's interest is described in the accompanying brief.

3. The property that constitutes the receivership estate includes: (Check all that apply.)     Page __4-5__ , ¶ __

   ☑ Books, records, computers, computer data, and passwords        ☑ Chattel paper

   ☑ Deposit accounts        ☑ Equipment        ☑ Fixtures

   ☑ Goods        ☑ General intangibles        ☑ Inventory

   ☑ Investment property        ☑ Patents, trademarks, copyrights, and other intellectual property

   ☑ Real property (provide legal description in the accompanying brief)        ☑ Rents

   ☑ Titled vehicles        ☑ Other: **OWNERSHIP AND MEMBERSHIP INTEREST IN ANY AND ALL BUSINESS ENTITIES, INCLUDING WITHOUT LIMITATION THOSE IDENTIFIED IN JUDGMENT CREDITOR'S BRIEF**

4. There is good cause supporting appointment of a receiver.     Page __1-6__ , ¶ __1-19__

FEE

MC 445   (6/17)   **MOTION FOR APPOINTMENT OF RECEIVER**          MCR 2.622

FILED    Received for Filing    Oakland County Clerk    6/9/2022 3:16 PM

**Motion for Appointment of Receiver**  (6/17)  Page 2 of 2                    Case No. 2022-192491-CZ

5.  The nominated receiver is FRANK SIMON (P54731) .
    Name or entity

6.  The nominated receiver has sufficient competence, qualifications, and experience to administer the       Page 6 , ¶ 17
    receivership estate.

7.  None of the statements in MCR 2.622(B)(6) are true of the nominated receiver.                            Page 6 , ¶ 18

8.  The receiver will have those duties, authority, and powers set forth in the proposed order, including      See proposed order.
    those required by MCR 2.622(D) and stated in MCR 2.622(E).

9.  The proposed order contains the statements required by MCR 2.622(F)(2), including the source               See proposed order.
    and method of the receiver's compensation.

10. ☐ a.  The parties have agreed to a nominal bond of $ _____ .                                    Page 6 , ¶ 19

    ☑ b.  The court should set bond at $ 500,000.00 , based on the factors in MCR 2.622(G).

11. **I REQUEST** that the court enter the order attached to this motion and grant any other relief that is just and equitable.

6/9/2022                                          */s/ F. BRETT BACCARI  (P74726)*
Date                                              Movant/Attorney signature

---

## CERTIFICATE OF MAILING

I certify that on this date I served a copy of this motion on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

6/9/2022                                          */s/ F. BRETT BACCARI  (P74726)*
Date                                              Signature

<u>Exhibit E</u>

FILED    Received for Filing    Oakland County Clerk    6/9/2022 3:16 PM

STATE OF MICHIGAN
IN THE SIXTH CIRCUIT COURT FOR THE COUNTY OF OAKLAND

BBM3, LLC,

      Plaintiff/Judgment Creditor,                  Case No. 2022-192491-CZ

*vs.*

                                                        Hon. Nanci J. Grant

JAMES VOSOTAS,

      Defendant/Judgment Debtor,

_____/

| | |
|---|---|
| F. Brett Baccari (P74726) | JAMES VOSOTAS |
| SHARK LAW OFFICES PLLC | *In Pro Per* |
| Attorney for Plaintiff/Judgment Creditor | 1551 Delgado Avenue |
| 23077 Greenfield Rd., Ste. 215 | Coral Gables, Florida  33146 |
| Southfield, Michigan 48075 | |
| (248) 392-2272 | |
| brett@sharklawoffices.com | |

_____/

## PLAINTIFF/JUDGMENT CREDITOR'S BRIEF IN SUPPORT OF
## MOTION FOR APPOINTMENT OF RECEIVER

      COMES NOW, the Plaintiff/Judgment Creditor, BBM3, LLC (hereinafter "Judgment Creditor"), by and through counsel, SHARK LAW OFFICES, PLLC, and files this Brief in support of *Plaintiff/Judgment Creditor's Motion for Appointment of Receiver* state as follows:

### BACKGROUND

      1.    This matter regards a New York state court judgment field and docketed on January 13, 2022 in the amount of $19,380,664.30 that has been properly domesticated for enforcement and satisfaction against Defendant/Judgment Debtor JAMES VOSOTAS (hereinafter "Judgment Debtor") in this Honorable Court pursuant to MCL 691.1171 et seq. (hereinafter "Judgment"). See Exhibit 1 - *Affidavit and Notice of Entry of Foreign Judgment*.

### PROCEDURAL HISTORY

      2.    Judgment Creditor filed an *Affidavit and Notice of Entry of Foreign Judgment* with this Honorable Court on February 9, 2022 seeking to attach property in Michigan owned by

Judgment Debtor, including without limitation monies and value related to development of the David Whitney Building in Detroit, Michigan.  See Exhibit 1; MCL 691.1171 et seq.

3.      This Court's clerk served a copy of the *Affidavit and Notice of Entry of Foreign Judgment* on Judgment Debtor via first-class mail and signed a Certificate of Mailing in accordance with MCL 691.1174(3) and MCR 2.107(c)(3).  See Exhibit 1; MCL 691.1174(3); MCR 2.107(c)(3).

4.      Upon Judgment Creditor's request, the Court entered a nonperiodic *Writ for Garnishment* on Garnishee Defendant MS Title Agency, LLC (hereinafter "MS Title") pursuant to MCL 600.4011 et seq; MCR 3.101.  See *Writ for Garnishment* entered March 18, 2022.

5.      Following service and receipt of requisite garnishee disclosure fees, MS Title responded via *Garnishee Disclosure* that:

> "    [Judgment Debtor] is one of 9 parties to an Escrow Agreement pursuant to which [MS Title] holds $8.5 Million.  The escrowed funds can only be distributed pursuant to the written instructions signed by all the parties to the Escrow Agreement or Court Order.  Absent such instructions or Court Order[, Judgment Debtor] has no right to receive any funds and [MS Title] has not (sic) obligation to distribute any funds.
>
> There are currently two pending proceedings related to the escrowed funds.
> 1.    Oakland County Circuit Court Case No. 2021-185649-CB.
> 2.    Southern District of Florida Bankruptcy Court Adv. Case No. 21-01405-EPK."

(hereinafter "Escrow Agreement").  See Exhibit 2 – *Garnishee Disclosure* filed April 4, 2022.

6.      The following are among the nine (9) parties to the Escrow Agreement.

    a.   Judgment Debtor;

    b.   DW Detroit LLC;

    c.   VOS Holdings I, LLC;

    d.   VOS Hospitality, LLC;

    e.   VOS Manager I, LLC; and

    f.   VOS CRE I.

(hereinafter "Corporate Entities").  See Exhibit 3 – Escrow Agreement; Exhibit 4 – Affidavit of

Daniel Vosotas[1].

7.    VOS CRE I and its assets are currently the subject of Chapter 11 bankruptcy proceeding (hereinafter "Bankruptcy") filed in U.S. Bankruptcy Court – Southern District of Florida (hereinafter "Bankruptcy Court"). See *In re: VOS CRE I*, Case No. 21-21082-EPK (U.S. Bankruptcy Court – Southern District of Florida). No other Corporate Entities have filed bankruptcy.

8.    On June 6, 2022, the Bankruptcy Court ordered MS Title to distribute "$5,239,00.00 to the trust account of DGIM Law PLLC for the benefit of [VOS CRE I]" (hereinafter "Escrow Monies"). See Exhibit 5 - *Order Granting Debtor's Motion Pursuant to Bankruptcy Rule 9019*.

9.    Judgment Creditor rightfully fears that Judgment Debtor, as corporate representative for VOS CRE I in the Bankruptcy, will exercise control over the Escrow Monies to the detriment of Judgment Creditor.

10.    Judgment Creditor now seeks appointment of a receiver over Judgment Debtor for purposes of taking control of all of Judgment Debtor's attachable assets, including without limitation his membership interest in the Corporate Entities and any other business entities identified through the receivership.

### RECEIVERSHIP

11.    MCL 554.1016(b) outlines the postjudgment circumstances under which this Honorable Court may appoint a receiver:

(i)    To carry the judgment into effect; and

(ii)    To preserve nonexempt property pending appeal or when an execution has been returned unsatisfied and the owner refuses to apply the property in satisfaction of the judgment.

12.    Pursuant to statute, the Court may appoint a receiver to enforce money judgments. MCL 600.6104(4) ("After judgment for money has been rendered in an action in any

---

[1] Page 11 of Exhibit 4 contains an Organizational Chart highlighting Judgment Debtor's membership interest in the Corporate Entities.

court of this state, the judge may, on motion in that action or in a subsequent proceeding: . . . (4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire"). The Court may also appoint a receiver in the exercise of its equitable powers. See, e.g., _Rankin v Rothschild_, 78 Mich 10, 13 (1889); _Brown v Vandermeulen_, 41 Mich 418, 419 (1879) (per curiam); _Michigan Minerals, Inc v Williams_, 306 Mich 515, 525 (1943) ("A court of equity has inherent power to appoint a receiver"); _In re Contempt of Cornbelt Beef Corp_, 164 Mich App 114, 119 (1987) (per curiam) ("The power to appoint receivers is inherent in courts of equity"); MCL 600.2926 ("Circuit court judges in the exercise of their equitable powers, may appoint receivers in all cases pending where appointment is allowed by law").

13.    Judgment Creditor seeks appointment of a receiver in this matter for purposes of carrying the Judgment into effect and preserving Judgment Debtor's assets for liquidation into money and satisfaction of the Judgment.  See MCL 554.1016.

14.    The property constituting the proposed receivership estate are identified as follows:

   a.  All books, records, computers, computer data, and passwords associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership;

   b.  Chattel paper owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the  Corporate Entities and any other business entities identified through the receivership

   c.  Deposit accounts owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership

   d.  Equipment owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the

Corporate Entities and any other business entities identified through the receivership;

e.  Fixtures owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership;

f.  Goods owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership;

g.  General intangibles owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership;

h.  Inventory owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership;

i.  Investment property owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership;

j.  Patents, trademarks, copyrights, and other intellectual property owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership;

k.  Real property owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest

in the Corporate Entities and any other business entities identified through the receivership;

l. Rents owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership; and

m. Titled vehicles owned by Judgment Debtor or associated with Judgment Debtor's ownership of all attachable assets, including his membership interest in the Corporate Entities and any other business entities identified through the receivership;

n. Judgment Debtor's ownership and/or membership interest in any and all business entities, including the Corporate Entities.

(collectively hereinafter "the Assets").

15.     The parties and other persons or entities interested in the receivership estate are as follows:

    a.     Plaintiff/Judgment Creditor BBM3, LLC; and

    b.     Defendant/Judgment Debtor JAMES VOSOTAS.

16.     Judgment Creditor requests that the receiver have those duties, authority, and powers set forth in the proposed order, including those required by MCR 2.622(D) and stated in MCR 2.622(E), necessary to liquidate and sell the Assets in satisfaction of the Judgment.  See Exhibit 6 – Proposed Order Appointing Receiver; MCR 2.622(E).

17.     Judgment Creditor nominates Attorney Frank R. Simon (P54731) (hereinafter "Attorney Simon") to serve as receiver in this matter with proposed compensation on a standard hourly fee of $350.00/hour subject to the submission of detailed hourly billing and review by this Court, and in any event, not more or less than a standard customary basis.

18.     Attorney Simon has acted as a receiver in countless matters and is the most qualified individual to serve as receiver in this matter.  See Exhibit 7 – Curriculum Vitae of Attorney Frank R. Simon.

19.    Attorney Simon does not meet any of the criteria for disqualification from appointment of receiver enumerated in MCL 554.1017.

20.    Judgment Creditor requests that this Honorable Court find that the blanket $500,000.00 bond, already obtained by Attorney Simon, is sufficient for his performance as receiver in this matter.

### REQUESTED RELIEF

WHEREFORE the Plaintiff/Judgment Creditor, BBM3, LLC, requests that this Honorable Court grant Plaintiff's Motion for Appointment of Receiver and enter an Order consistent with the relief requested in Plaintiff's Motion and Brief, and award any other relief deemed just.

Respectfully submitted,

**SHARK LAW OFFICES PLLC**

*/s/ F. BRETT BACCARI  (P74726)*

_____.

F. Brett Baccari, Esq. (P74726)
Attorney for Plaintiff
23077 Greenfield Rd., Ste. 215
Southfield, Michigan 48075
(248) 392-2272
brett@sharklawoffices.com

Date:  <u>June 9, 2022</u>

# Exhibit F

| Approved, SCAO | Original - Garnishee (Part 2) | |
|---|---|---|
| | 1st copy - Court (Part 2) | 3rd copy - Return (proof of service) (Part 2) |
| | 2nd copy - Defendant (Part 2) | 4th copy - Plaintiff/Attorney (proof) (Part 2) |

| • STATE OF MICHIGAN | REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) | • CASE NO. |
|---|---|---|
| _____ JUDICIAL DISTRICT | | |
| 6TH JUDICIAL CIRCUIT | | 2022-192491-CZ |
| iss | | |

| Court address • Zip Code | Court telephone no. |
|---|---|
| 1200 N. Telegraph Rd., Pontiac, Michigan 48341 | (248) 858-0344 |

**Plaintiff's name and address (judgment creditor)**
BBM3, LLC
c/o Plaintiff/Judgment Creditor's attorney

v

**Defendant's name and address (judgment debtor)**
JAMES VOSOTAS
1551 Delgado Avenue
Coral Gables, Florida  33146

**Plaintiff's attorney, bar no., and address**
F. Brett Baccari (P74726)
SHARK LAW OFFICES PLLC
23077 Greenfield Rd., Ste. 215, Southfield, MI 48075

**Telephone no.**
(248) 392-2272

Social security no.     Account no.

**Garnishee name and address**
CENDROWSKI CORPORATE ADVISORS, LLC
c/o Harry Cendrowski
4111 Andover Rd.,  West, Third Floor
Bloomfield Hills, Michigan  48302

**REQUEST**   See instructions for item 2 on other side.

1. Plaintiff received judgment against defendant for $ 19,380,664.30 ___ on January 13, 2022 .
2. The total amount of judgment interest accrued to date is $ 706,777.41 . The total amount of postjudgment costs accrued to date is $ 25.00 . The total amount of postjudgment payments made and credits to date is $ 0.00 .
   **The amount of the unsatisfied judgment now due (including interest and costs) is •** $ 20,087,493.21 .
3. Plaintiff knows or with good reason believes the garnishee is indebted to or possesses or controls property belonging to defendant.
4. **Plaintiff requests** a writ of nonperiodic garnishment be paid to ☐ plaintiff, ☑ plaintiff's attorney, ☐ the court, and mailed to ☐ plaintiff. ☑ plaintiff's attorney. ☐ the court.

I declare under the penalties of perjury that this request has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

6/15/2022     /s/ F. BRETT BACCARI     (P74726)
**Date**     **Plaintiff/Agent/Attorney signature**

**WRIT OF GARNISHMENT**   To be completed by the court. See other side for additional information and instructions.

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), two copies of this writ for serving on the garnishee, and a $1.00 disclosure fee for serving on the garnishee. You are responsible for having these documents served on the garnishee within 182 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within **56 days** after the disclosure is filed for an order to apply the property toward the judgment. **NOTE:** The social security number field is blacked out for security reasons on all parts except the garnishee copy.

**TO THE DEFENDANT: See separate instructions.**
1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last-known address by first-class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2 of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.
5. Make all payments withheld under this writ payable and mailed as specified in the request.
6. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

| 6/17/2022 | 12/16/2022 | /s/ C. Tucker |
|---|---|---|
| Date of issue | Expiration date for service | Deputy court clerk |

**MC 13**   (7/20)   **REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) (Part 1)**     FEE     MCL 600.4011 *et seq.*, MCR 3.101

*(Left margin, vertical text:)* FILED   Received for Filing   Oakland County Clerk   6/16/2022 5:43 PM